David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Ofunne N. Edoziem, Bar No. 260000
OEdoziem@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. NOBLE AND PATRICIA L. NOBLE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; LSF9 MORTGAGE HOLDINGS, LLC; CLEAR RECON CORP.; BANK OF AMERICA, N.A.; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 4:17-cv-01053-CW<br><br>**DEFENDANT CALIBER HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>Date: May 2, 2017<br>Time: 2:30 p.m.<br>Courtroom: 2<br>Judge: Hon. Claudia Wilken |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant CALIBER HOME LOANS, INC. ("Caliber" or "Defendant") hereby submits its reply to its motion to dismiss all claims alleged in the Complaint against Defendant by plaintiffs GEORGE B. NOBLE and PATRICIA L. NOBLE (together "Plaintiffs").

## I.   INTRODUCTION

Plaintiffs' opposition utterly fails to rebut the key arguments made in Caliber's motion to dismiss -- that all of Plaintiffs' claims are barred by the doctrine of *res judicata* and that each of the causes of action should be dismissed for failure to state a claim.

This is Plaintiffs' third lawsuit against Caliber filed merely to delay and prevent a lawful foreclosure sale. Plaintiffs have been in default on their $3.75 million loan since 2011. After Plaintiffs defaulted on the loan, nonjudicial foreclosure proceedings commenced, prompting Plaintiffs to file a sequence of lawsuits in attempts to stop or delay the foreclosure sale. Plaintiffs have not attempted to cure the default, opting instead to delay by filing repetitive lawsuits.

Plaintiff have had two prior unsuccessful lawsuits, an order denying Plaintiffs' application for a restraining order, a dismissal of one lawsuit with prejudice and Plaintiffs' unsuccessful motion to set aside the dismissal. Plaintiffs filed this new action continuing their efforts to avoid or postpone the inevitable foreclosure sale.

In this case, Plaintiffs allege Caliber violated provisions of the Real Estate Settlement Procedures Act ("RESPA"), they challenge the authority of the beneficiary of the security instrument, and they sue prematurely for wrongful foreclosure. Plaintiffs do not properly plead a violation by Caliber or entitlement to the relief sought. The allegations either evidence Caliber's compliance with RESPA or fall short of adequately alleging Caliber's obligation to comply with the statute. Also, Plaintiffs may also not sue to challenge a beneficiary's authority to

-1-   4:17-cv-01053-CW
REPLY IN SUPPORT OF MOTION TO DISMISS
135292725.1

conduct a nonjudicial foreclosure. Finally, Plaintiffs' claims not only fail, they are barred by *res judicata* because they could have been raised in the prior lawsuits filed by Plaintiffs. Defendant respectfully requests the Court grant its motion to dismiss without leave to amend.

## II. ALL OF PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*

Plaintiffs' entire complaint is barred by the doctrine of *res judicata*, which prevents parties from re-litigating a cause of action conclusively resolved in a prior proceeding. *Bernhard v. Bank of America Nat'l Trust & Savings Assoc.*, 19 Cal.2d 807, 810 (1942); *Columbus Line, Inc. v. Gray Line Sight-Seeing Companies Associated, Inc.*, 120 Cal. App. 3d 622, 628 (1981).

Three elements must be satisfied in order for the doctrine of *res judicata* may be applied: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, 604; *Bernhard v. Bank of America, supra*, 19 Cal.2d at p. 813.

In efforts to stall the foreclosure, Plaintiffs filed their first of three lawsuits on April 7, 2015 -- the day before the scheduled foreclosure sale. Plaintiffs brought causes of action under the Homeowners Bill of Rights, rescission, temporary restraining order, preliminary injunction, declaratory relief, and quiet title -- seeking in the prayer for relief to enjoin and prevent the foreclosure sale. *See* Complaint, Exhibit F to Caliber's Request for Judicial Notice ("RJN"). On August, 24, 2015, one week before the postponed foreclosure sale, the first case was dismissed and Plaintiffs filed their second case again seeking a temporary restraining order preventing the foreclosure sale. *See* RJN Ex. G. Plaintiffs' second case again sought claims under the Homeowners Bill of Rights and also added claims under California Business and Professions Code section 17200 et seq. This Court denied

-2-
4:17-cv-01053-CW
REPLY IN SUPPORT OF MOTION TO DISMISS
135292725.1

Plaintiffs' motion for preliminary injunction. *See* RJN Ex. H. Plaintiffs, thereafter, filed a first amended complaint, and Defendants demurred. *See* RJN Ex. I. The demurrer was sustained with leave to amend. *See* RJN Ex. J. After Plaintiffs failed to timely amend, their case was dismissed. *See* RJN Ex. K. After their time to appeal expired, Plaintiffs filed a motion asking the court to set aside the dismissal. The court denied Plaintiffs' motion.

When a final judgment is entered on the merits in a prior action, any causes of action that **were, or that could have been, brought** in that prior lawsuit, between the same parties, are barred by the doctrine of *res judicata*. *Sylvester v. Soulsberg*, 252 Cal. App. 2d 185, 188 (1967) (citing *Bernhard*, 19 Cal.2d at 813; *see also Sutphin v. Speik*, 15 Cal.2d 195, 202 (1940) (emphasis added) ("If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.") (emphasis in original).

Here, plaintiffs have already had their proverbial bite of the apple -- in fact, they have had two prior bites. The prior actions were based on the same set of underlying facts as those in the instant action—the beneficiary's right to foreclose and allegations of wrongful foreclosure of the property even though the foreclosure sale has not yet taken place. In all three actions, Plaintiffs sought to prevent the foreclosure sale on their property. The causes of actions were changed slightly, but they all were based on Plaintiffs' defaulted loan that was being foreclosed on and they all attempted to stop the foreclosure sale.

Plaintiffs' claims in this case regarding the validity of the foreclosure and regarding the alleged request for information could have been brought in their prior lawsuits. The prior lawsuits concerned the same parties -- Plaintiffs, Caliber and LSF9 MPT. The previous actions concerned the loan and the validity of the foreclosure proceedings. The request for information and the responses to them

occurred well before Plaintiffs filed their prior lawsuits, and matters concerning the requests for information and defendants' authority to foreclose were within the scope of the prior actions. Therefore, Plaintiffs may not now seek to pursue this action against Defendants. By filing this lawsuit and raising claims that could have been previously brought in their prior suit, Plaintiffs seek to do just what the doctrine of *res judicata* serves to prevent: continuous, multiple, and vexatious litigation. Their complaint is barred.

Even under plaintiffs' proffered primary right theory for *res judicata* determination, even where there are multiple legal theories upon which recovery for a primary right might be predicated, one injury gives rise to only one claim for relief. *Lincoln Property Co., N.C., Inc. v. The Travelers Indemnity Co.*, 137 Cal. App. 4th 905, 912-913 (2006). An adverse judgment in a first lawsuit will be a bar even though the second suit is based on a different theory or seeks a different remedy. *Id*. The prior final judgment on the merits not only settles issues that were actually litigated but also every issue that might have been raised and litigated in the first action. *Id*. It also precludes litigation of the same cause of action on a different legal theory or for different relief. *Id*. All of Plaintiffs' claim in all three of their lawsuits arise from their alleged wrongful foreclosure proceedings against Caliber -- regardless of the different causes of actions alleged in the different cases. Plaintiffs cannot escape from the inevitable conclusion that all of their claims revolve on the same primary right and thus are barred by *res judicata*.

### III. EACH OF THE CAUSES OF ACTION FAILS TO STATE A CLAIM

#### A. Plaintiffs Fail To State A Claim Under 12 C.F.R. § 1024.36 of RESPA

Plaintiffs seek to hold Caliber liable for failing to provide a timely substantive response to Plaintiffs' request for information to Caliber and for failing to sufficiently respond. However, Plaintiffs do not allege a failure to timely or fully respond.

12 C.F.R. section 1024.36 permits a borrower to request certain information ("RFI") regarding a qualifying mortgage loan account from the loan servicer. The information requested must be servicing-related. Information not related to the servicing of the loan (or in other words, not related to inquiries about payments applied to the account) are not considered valid RFIs under the statute. For example, information concerning loan origination and pooling and servicing agreements are not information related to servicing. Therefore, Regulation X does not govern information requests seeking such particulars. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012); *Junod v. Dream House Mortgage, Co.*, 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009); *see also* Dkt. No. 34, pp 9-12.

A servicer is not required to acknowledge receipt or provide substantive responses to any request for information outside the scope of the statute. 12 C.F.R. § 1024.36(f)(1). In addition, a servicer is not required to respond to a purported "RFI" that requests irrelevant information (defined as information not directly related to the borrower's mortgage loan account) or any overbroad or unduly burdensome information request (defined as any request that requires the servicer "to provide an unreasonable volume of documents or information to a borrower" and any response that requires the servicer to incur unreasonable costs or require the servicer to exceed the response deadline). 12 C.F.R. §§ 1024.36(f)(iii), (iv).

When a borrower sends a valid RFI to the servicer, the servicer must acknowledge receipt of the RFI within five business days of receipt. 12 C.F.R. § 1024.36(c). The servicer, thereafter, has ten business days from receipt of the RFI to respond substantively to only those RFIs seeking the identity, address or contact information for the owner or assignee of the mortgage. 12 C.F.R. § 1024.36(d)(2)(i)(A). The servicer has thirty business days from receipt of the RFI to respond substantively to all other RFIs. 12 C.F.R. § 1024.36(d)(2)(i)(B).

### 1. No Facts Showing the Response was Untimely

Plaintiffs allege they sent the purported request for information ("RFI") to Caliber on November 20, 2014 and sought the identity of the owner of their mortgage, the loan transfer history and the servicing file, information regarding the MERS MIN Summary and MERS Milestone Report, and information regarding the name, address, and phone number of an officer under the foreclosing trustee's employ. *See* Complaint ¶¶ 25-27. They contend Caliber mailed its response untimely -- on December 31 rather than on December 8, 2014. *See* Complaint ¶ 26.

Plaintiffs are wrong. Caliber is required to respond to information relating to the investor ten business days from Caliber's *receipt* of the purported RFI. Responses to all other requests that qualify as RFIs are due thirty days after Caliber's receipt of the valid RFI. 12 C.F.R. §§ 1024.36(d)(2)(i)(A),(B). Plaintiffs must, therefore, allege when Caliber received the RFI, because it is the date of receipt and not the date of Plaintiffs' mailing from which the deadline to respond is determined. *See id.* Plaintiffs incorrectly measure Caliber's deadline as December 8, 2014 -- ten business days from the alleged November 20 mailing of the letter. This is insufficient to show a violation.

Also, Plaintiffs incorrectly contend Caliber was required to respond to all of their requests (no matter the nature of the request) within ten business days. But the statute imposes the ten business day limit only on those requests concerning investor information. All other responses must be provided within thirty business days of receipt of the valid RFI. Therefore, even assuming for the sake of argument that Caliber's deadline to respond was thirty business days from the date of mailing of the letter (rather than from the date Caliber received the letter), Caliber had until January 7, 2015 to respond. Thus, Plaintiffs' allegation that Caliber provided a substantive response to the information not relating to the investor on December 31, 2014 evidences compliance with the statute not a violation.

### 2. No Facts Showing an Improper Response

Caliber's substantive responses were either code compliant or not required because the purported RFIs were not valid RFIs requiring a response. Plaintiffs seek to charge Caliber for failing to provide certain substantive information, such as the MERS MIN Summary and MERS Milestones Report and for failing to provide information relating to the foreclosing trustee[1]. *See* Complaint ¶¶ 26-27. But the statute itself states that a servicer is only required to provide information relating to the servicing of the loan, or in other words, information regarding "scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. §§ 2605(e)(1)(A); (i)(3). Mortgage Electronic Registration Systems, or MERS for short, was the originating beneficiary under the Deed of Trust, who acted as nominee for the originating lender. *See* RJN Ex. A, p. 2. The MERS Summary and Milestone Reports track the transfer of ownership and servicing as it relates to the loan. However, the Summary and Reports do not relate to the payments made by Plaintiffs and therefore fall outside the scope of servicing as defined by RESPA. Likewise, information relating to those employed by the foreclosing trustee is unrelated to the servicing of the loan. Therefore, Caliber was not required to respond substantively to these requests.

In addition, a servicer is not required to respond to a purported RFI that requests proprietary or confidential information, irrelevant information (defined as information not directly related to the borrower's mortgage loan account) or any overbroad or unduly burdensome information request (defined as any request that requires the servicer "to provide an unreasonable volume of documents or information to a borrower" and any response that requires the servicer to incur unreasonable costs or require the servicer to exceed the response deadline).

---

[1] Plaintiffs allege Caliber provided information on the loan investor as requested. They thus, allege Caliber's compliance with the substantive response as it relates to the investor information. *See* Complaint ¶ 30.

12 C.F.R. §§ 1024.36(f)(ii)-(iv). Accordingly, Caliber was within its right to advise Plaintiffs it would not send information relating to notes created by its servicing personal concerning communication about the loan because the information was proprietary.

**B.    Plaintiffs' Second Claim Fails**

Plaintiffs claim Caliber violated section 2924.17 because LSF9 MPT was a participation agent to the loan securitization and, thus, lacked authority to foreclose. They arrive at this conclusion "based on an investigation Plaintiffs had conducted". *See* Complaint ¶ 31. They fail to explain the investigation or whom they claim the true beneficiary might be. Vague pleading aside, Plaintiffs essentially seek to challenge the beneficiary's authority to foreclose. They lack grounds to so challenge. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011) (holding that a plaintiff has no right to sue to contest the foreclosing beneficiary's authority to initiate or conduct a nonjudicial foreclosure).

Plaintiffs' opposition does not address their lack of standing to bring such a claim. They only assert that since the Homeowners' Bill of Rights apply to them, they can bring such a claim. They do not address the *Gomes* case or other cases cited by Caliber in its motion to dismiss.

Plaintiffs may not use their lawsuit as a means to transform the nonjudicial foreclosure to a judicial one and require proof of authority. Other than offering conclusory and vague contentions, Plaintiffs have not sufficiently alleged LSF9 MPT was not the beneficiary entitled to proceed with foreclosure. Therefore, Plaintiffs have not alleged Caliber committed a single violation, let alone "repeat" violations, sufficient to state a claim under section 2924.17. *See* Civ. Code § 2924.17(c).

**C. Plaintiffs' Third Claim For Wrongful Foreclosure**

    **1. Plaintiffs' Claim is Premature**

Because the foreclosure has not completed, Plaintiffs' claim for wrongful foreclosure is premature.

To state a claim for wrongful foreclosure, Plaintiffs must allege (1) Defendant caused an illegal, fraudulent or willfully oppressive *sale* of the Property (2) resulting prejudice or harm and (3) Plaintiffs tendered the entire indebtedness or is excused from tendering. *Chavez v. Indymac Mortgage Servs., et al.*, 219 Cal. App. 4th 1052, 1062 (2013). Resting on their vaguely and insufficiently pleaded claim that LSF9 MPT lacked authority to foreclose, Plaintiffs seek to hold Caliber liable for wrongful foreclosure.

Plaintiffs' claim is unripe. Where a trustee's sale has not occurred, a claimant cannot maintain a cause of action for wrongful foreclosure. *See Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *3 (S.D. Cal. Mar. 21, 2011); *see also Manzano v. Metlife Bank, N.A.*, 2011 WL 2080249, at *6 (E.D. Cal. May 25, 2011) ("[B]ecause plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."). To plead a wrongful foreclosure claim, a foreclosure sale must have occurred. *See id.* It is inapposite to plead the wrongfulness of a foreclosure sale when there has been no sale. Plaintiffs' opposition cites to no case allowing a wrongful foreclosure cause of action before a trustee's sale has occurred.

    **2. Plaintiffs' Claim Fails for Not Alleging Tender**

Plaintiffs' failure to allege their tender defeats this claim. A wrongful foreclosure claim fails if the claimant does not plead her tender or an excuse therefrom. The nature of the relief Plaintiffs seek is of no consequence. *See Ottolini v. Bank of America, N.A., et al.*, 2011 WL 3652501, at *3 (N.D. Cal., Aug. 19, 2011) (dismissing a claim for wrongful foreclosure because "[a]lthough Mr. Ottolini is seeking only damages as relief, that does not mean that Defendants' tender argument is therefore inapplicable. The tender rule applies not only to suits

seeking to set aside a foreclosure but also to certain suits seeking damages.") (citing *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 577-78 (1984)); *see also Curley v. Wells Fargo & Co., and others*, 2014 WL 988618, at *4 (N.D. Cal., March 10, 2014) (judgment in favor of defendant because plaintiff's request for monetary damages did not alter plaintiff's obligation to tender). Plaintiffs have not alleged their tender of the debt. Thus, they cannot proceed with this claim.

## IV. CONCLUSION

This suit is little more than an attempt to avoid paying a debt and stall a legal foreclosure sale. None of Plaintiffs' claims are supported by facts or pleaded sufficiently. They are also barred by the doctrine of *res judicata* and because Plaintiffs lack standing to challenge the beneficiary's right to foreclose.

For the reasons set forth herein, Caliber respectfully requests the Court grant the motion to dismiss without leave to amend.

DATED: April 19, 2017  **PERKINS COIE LLP**

By: *S/Ofunne N. Edoziem*
Ofunne N. Edoziem, Bar No. 260000
OEdoziem@perkinscoie.com

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned certifies that on April 19, 2017, I caused to be filed via the |
| 3 | CM/ECF system true and correct copies of the following documents and that the |
| 4 | service of these documents was accompanied on all parties in the case by CM/ECF |
| 5 | system. |
| 6 | *S/Ofunne N. Edoziem* |
| | Ofunne N. Edoziem, Bar No. 260000 |
| 7 | OEdoziem@perkinscoie.com |