MCGUIREWOODS LLP
DELEYLA A. LAWRENCE SBN #284562
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorneys for Defendant Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. NOBLE AND PATRICIA L. NOBLE,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; LSF9 MORTGAGE HOLDINGS, LLC; CLEAR RECON CORP.; BANK OF AMERICA, N.A.; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. 4:17-CV-01053-CW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: June 13, 2017<br>Time: 2:30 p.m.<br>Crtrm.: 2 |
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## I. INTRODUCTION

Defendant Bank of America, N.A. ("BANA") submits the following Reply to Plaintiffs George and Patricia Noble's ("Plaintiffs") Opposition to its Motion to Dismiss the Complaint.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Claims Are Barred by Res Judicata

In their Opposition, Plaintiffs argue that res judicata is not appropriate here because "[n]either the facts nor the primary rights at issue in [the Prior Action] are identical to those raised in Plaintiffs' present claims." Opp. 7:8-9. Plaintiffs do not challenge BANA's position that both a final judgment on the merits and the requisite privity exists, and thus concede that those arguments are meritorious. *See generally,* Opp; *see Herzberg v. County of Plumas,* 133 Cal. App 4th 1, 20 (2005); *Moulton Niguel Water Dist. v. Colombo,* 111 Cal. App. 4th 1210, 1215 (2003) (a failure to challenge a party's argument in an opposition operates as an admission that the argument is meritorious.). Indeed, Plaintiffs' only argument against BANA's res judicata defense is that the requisite identity of claims does not exist. However, that is not the case.

As admitted by Plaintiffs, the Prior Action involved foreclosure commencing on the subject Property. Specifically, Plaintiffs argue that the Prior Action was based on "Defendants dual track[ing] their loan by continuing to proceed with foreclosure proceedings on Plaintiffs' home." Opp. 7:3-5. Indeed, the Prior Action challenged foreclosure proceeding related to the same Loan secured by the same Property. RJN, Ex. B-C; *see generally,* Compl. As such, both actions involve similar facts. Regardless, all of Plaintiffs' allegations in the Complaint, aside from the alleged recording of the most recent Notice of Trustee's Sale against the Property, took place ***prior*** to Plaintiffs filing the Prior Action in August 2015. RJN, Exs. B-C; *see generally,* Compl. The Assignment that forms the basis of Plaintiffs' instant claim against BANA for violation of California Civil Code Section 2924.17

is dated November 6, 2014, and the qualified written requests ("QWR"), that form the basis of their instant claim against BANA for violation of the Real Estate Settlement Procedures Act ("RESPA"), were allegedly sent to BANA on November 7, 2014.[1] Compl., ¶¶ 21, 37, 44. In fact, Plaintiffs' complaints in the Prior Action even discuss the November 6, 2014 Assignment. RJN, Exs. B-C; *see generally,* Compl; Opp. 10:10-23. "California recognizes that the doctrine of *res judicata* will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated" in the prior suit. *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993); *see also Busick v. Workmen's Compensation Appeals Bd.*, 7 Cal. 3d 967, 975 (1972) ("[P]rior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable"). Accordingly, Plaintiffs were aware of the facts alleged against BANA in the instant action before they even filed the Prior Action. Thus, the same claims alleged here certainly could have been raised therein. For these reasons and those discussed in BANA's Motion, this action should be dismissed as it is barred by the doctrine of res judicata.

### B. Plaintiffs' Claim for Violation of the Real Estate Settlement Procedures Act Fails

In support of their RESPA claim, Plaintiffs argue that their QWR "identified the borrower's name and account, provided sufficient detail to BANA regarding the information Plaintiffs were seeking and also sought information related to the servicing of the loan..." Opp. 9:1-4. Based on this contention, Plaintiffs conclude that their "request clearly met the requirements for a QWR..." *Id.,* at 9:4-5. However, as an initial matter, this argument fails because Plaintiffs impermissibly attempt to add new allegations in their Opposition. Plaintiffs did not include these allegations in the Complaint, and thus their claim fails for this reason alone. *See*

---

[1] Plaintiffs only bring two causes of action against BANA for violation of RESPA and violation of Section 2924.17. *See generally,* Compl.

*generally,* Compl. Regardless, under RESPA, loan servicers have a duty to respond to a borrower's inquires relating to information about the borrower's loan upon receipt of a QWR from the borrower. 12 U.S.C. 2605(e)(1)(A). For purposes of RESPA, a QWR is defined as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that— (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the **borrower,** to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. 2605(e)(1)(B)(emphasis added).

Here, Plaintiffs allege no facts showing that they sent a written request to BANA that meets the requirements of a QWR. *See generally,* Compl. Plaintiffs fail to attach any purported QWR to their Complaint. *Id.* Indeed, Plaintiffs merely list what BANA failed to provide in response to their requests. Compl., ¶¶ 21-22, 37. Since Plaintiffs do not plead any facts to demonstrate that their requests met the requirements for a QWR, then the cause of action must be dismissed. *Schuck v. Fannie Mae*, 2011 U.S. Dist. LEXIS 69257, 21-23 (E.D. Cal. 2011); *Wilson v. Chase Home Fin.*, 2011 U.S. Dist. LEXIS 126988, 6-7 (C.D. Cal. 2011). Merely alleging that a demand was made without attaching the demand is a failure to plead a claim under RESPA. *See id.*

Additionally, Plaintiffs quote 12 U.S.C. 2605(f) and conclude that based on this language, there is "a private right of action for borrowers for servicer violations under the provision of this statute." Opp. 9:11-17. However, Plaintiffs' conclusory assertion is not sufficient. *Twombly*, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation.") Regardless, courts have held that "the structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for purported RESPA violations...." *See Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994); *Montoya v. Countrywide Bank, F.S.B.*, 2009 U.S. Dist. LEXIS 53920 (N.D.

Cal. 2009). "The absence of a private right of action for purported RESPA violations dooms a purported RESPA claim based on disclosure violations." *Bloom*, 865 F. Supp. at 1384. Thus, Plaintiffs' argument fails.

Lastly, Plaintiffs argue that [t]o the extent Plaintiffs made payments to the LSF9 Master Participation Trust despite the trust's lack of true ownership of Plaintiffs' loan, Plaintiffs suffered pecuniary damages in making payments to an entity not entitled to receive payments." Opp. 9:24-26. However, Plaintiffs' argument is hypothetical in nature. Plaintiffs do not allege that they actually made payments to the LSF9 Master Participation Trust to show they have suffered pecuniary damages; rather, they state "[t]o the extent" they made such payments they suffered pecuniary damages. Opp. 9:24-26. This ambiguous contention is insufficient to challenge BANA's argument. Indeed, RESPA provides relief for damages only when the damages are pecuniary in nature. *See Allen v. United Fin. Mortgage. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009). Plaintiffs have not sufficiently alleged that they have suffered any pecuniary damages. *See generally,* Compl., Opp. Regardless, if Plaintiffs have suffered any damages, it is due to their own default on the Loan and not due to any alleged act or omission of BANA. Compl., ¶ 34. For these reasons, Plaintiffs' claim fails as to BANA.

### C. Plaintiffs' Claim for Violation of California Civil Code Section 2924.17 Fails

In their Opposition, Plaintiffs argue that they have adequately pled a claim for violation of Section 2924.17 because they alleged in the Complaint that "BANA executed and recorded an assignment of deed of trust on November 6, 2014, in which an alleged 'Assistant Vice President' of BANA (Michael D. Fitts) – who was actually a Foreclosure Specialist – purported to assign all beneficial interest in Plaintiffs' Deed of Trust to LSF9 Mortgage Holdings, LLC." Opp. 10:16-19. However, even if Plaintiffs' conclusory allegations were accurate — which BANA

denies — their claim fails because Plaintiffs are not entitled to any relief for such a violation.

Plaintiffs are only entitled to relief for a "material violation" of Section 2924.17. Cal. Civ. Code § 2924.12(a)(1). Here, Plaintiffs fail to sufficiently allege a "material violation" of Section 2924.17. Not only do Plaintiffs fail allege that the Property has been sold in foreclosure, they do not contest that they defaulted on their Loan. *See generally,* Compl., Opp. Indeed, they merely claim that foreclosure was wrongful because of the alleged assignment to LSF9 Mortgage Holding, LLC. *Id.* Any alleged improper assignment does not change that Plaintiffs defaulted on the Loan and that foreclosure proceedings consequently commenced per the terms under the Deed of Trust. Compl., ¶ 34; RJN, Ex. A. As such, Plaintiffs' have failed to sufficiently show a "material violation" as required for relief under Section 2924.17.

### III. CONCLUSION

For the forgoing reasons, BANA respectfully requests that this Court grant its Motion to Dismiss, in its entirety, without leave to amend.

DATED: May 17, 2017      MCGUIREWOODS LLP

By: */s/ Deleyla A. Lawrence*
    Deleyla A. Lawrence
    Attorneys for Defendant Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, I electronically filed the foregoing document entitled **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

By: /s/ _Deleyla A. Lawrence_