1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  GEORGE B. NOBLE, et al.,              No. C 17-1053 CW

5        Plaintiffs,                     ORDER ON MOTIONS
                                         TO DISMISS
6     v.
                                         (Docket Nos. 15 &
7  CALIBER HOME LOANS, INC., et al.,     27)

8        Defendants.

9  _____/

10

11       Before the Court are motions to dismiss filed by Defendants

12  Caliber Home Loans, Inc. and Bank of America, N.A. (BANA).

13  Plaintiffs have filed oppositions and Defendants have filed

14  replies.  Having considered the papers submitted by the parties,

15  the Court GRANTS the motions.

16                          BACKGROUND

17       On June 20, 2007, George and Patricia Noble executed a deed

18  of trust (DOT) through which they borrowed $3,750,000 from

19  Countrywide Home Loans, Inc., secured against their property in

20  Saint Helena, California.  The trustee under the DOT is Recontrust

21  Company, N.A. and the beneficiary is Mortgage Electronic

22  Registration Systems, Inc. (MERS).  The DOT includes an adjustable

23  rate rider.  On November 22, 2011, Recontrust recorded a notice of

24  default and election to sell, in which it stated that the Nobles

25  were behind on payments by approximately $128,000.  The notice

26  lists BANA as creditor.[1]  On February 24, 2012, Recontrust

27  _____

       [1] BANA had acquired Countrywide.  See Merritt v. Countrywide
28  Fin. Corp., 759 F.3d 1023, 1029 n.5 (9th Cir. 2014).

recorded a notice of trustee's sale.  On February 27, 2015, BANA assigned its beneficial interest in the DOT to U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust.  In doing so, BANA listed Caliber as its attorney in fact.  On March 12, 2015, Clear Recon Corp. recorded a notice of trustee's sale.

On April 7, 2015, the Nobles sued Caliber, LSF9 and Clear Recon in Napa County Superior Court, bringing claims under the federal Truth in Lending Act (TILA) and California's Homeowners' Bill of Rights (HBOR), and to quiet title.  (First Lawsuit). Caliber asserts that Plaintiffs voluntarily dismissed this lawsuit.

On August 24, 2015, the Nobles sued Caliber, U.S. Bank as trustee for LSF9, and Clear Recon in the same court, bringing claims under the HBOR and California Business and Professions Code section 17200 (unfair competition).  (Second Lawsuit).  The Nobles filed their First Amended Complaint in that case on December 11, 2015, bringing the same claims.  On May 19, 2016, the court sustained the defendants' demurrer and gave leave to amend.  The Nobles did not file an amended complaint, despite the court's direct order to do so.  On July 14, 2016, the court dismissed the claims against the defendants with prejudice.  On February 7, 2017, the court denied the Nobles' motion to set aside the dismissal.  On or around February 10, 2017, the Nobles received a notice of trustee's sale.

The Nobles filed the instant lawsuit against Caliber, U.S. Bank Trust as trustee for LSF9, LSF9 Mortgage Holdings, LLC, Clear Recon and BANA on March 1, 2017, bringing claims under the federal

Real Estate Settlement Procedures Act (RESPA), the HBOR and for wrongful foreclosure.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

United States District Court
For the Northern District of California

3

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts that may be judicially noticed. Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

DISCUSSION

Preliminarily, Caliber and BANA separately seek judicial notice of a number of documents related to the Nobles' mortgage, foreclosure and prior lawsuits. Plaintiffs do not object or contest the authenticity of the documents and the documents are properly subject to judicial notice. See EFK Investments, LLC v. Peerless Ins. Co., No. 13-CV-5910 YGR, 2014 WL 4802920, at *2 (N.D. Cal. Sept. 26, 2014); Biagro W. Sales Inc. v. Helena Chem. Co., 160 F. Supp. 2d 1136, 1140 (E.D. Cal. 2001). The Court GRANTS these requests (Docket Nos. 15-1 & 28). In doing so, it does not convert the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 (9th Cir. 1988).

1. RESPA

RESPA requires that loan servicers timely respond to borrowers' qualified written requests (QWR) for information. 12 U.S.C. § 2605(e)(1)(A). RESPA does not require that a QWR include any "'magic' words" in order to trigger loan servicers' duty to respond. Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 666 (9th Cir. 2012).

4

United States District Court
For the Northern District of California

> Instead, under § 2605(e), a borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's "reasons for the belief . . . that the account is in error" or "provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seeks "information relating to the servicing of [the] loan."

Id. (quoting 12 U.S.C. § 2605(e)(1)(A)-(B)).  RESPA provides a private right of action for failure to respond to a QWR if the plaintiff has suffered actual damages "as a result of the failure" to comply with § 2605.  Id. § 2605(f)(1); see also Glaser v. Nationstar Mortg., LLC, No. 16-CV-07245-LB, 2017 WL 1861850, at *17 (N.D. Cal. May 9, 2017).  The plaintiff must "point to some colorable relationship" between the injury and the alleged RESPA violation, and the injury must derive from that violation. Glaser, 2017 WL 1861850 at *17.

Plaintiffs allege, "On November 7, 2014, Plaintiffs sent BANA a qualified written request for information under 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36.  Among other things, Plaintiffs sought information relating to the identity of the owner of their mortgage; the transfer history of their loan; and their servicing file."  Docket No. 1, Compl. ¶ 21.  They allege various deficiencies in BANA's response.  They allege, "On November 20, 2014, Plaintiffs--who had been informed that Defendant Caliber Home Loans, Inc. ('Caliber' or 'Defendant') was the new servicer of their loan--sent Caliber a request for information under 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36.  Among other things, Plaintiffs sought information relating to the identity of the owner of their mortgage; the transfer history of their loan; and their servicing file."  Id. ¶ 25.  They allege various

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

deficiencies in Caliber's response.  They allege, "Defendants'
conduct caused Plaintiffs actual damages as they continued to
fight against foreclosure by an entity that raised, for
Plaintiffs, serious questions about the entity's right to
foreclose.  Plaintiffs also suffered emotional distress . . . ."
Id. ¶ 41.

Plaintiffs' allegations are insufficient.  First, they do not
allege that their written requests reasonably identified their
names and account.[2]  Second, Plaintiffs' damages allegation is
conclusory.  Furthermore, as discussed below, California does not
provide a cause of action to challenge the foreclosing entity's
authority to do so prior to the foreclosure sale.  Accordingly,
Plaintiffs' RESPA claim must be dismissed.

2. HBOR and Wrongful Foreclosure

a. Claim Preclusion

"To determine the preclusive effect of a state court judgment
federal courts look to state law."  Manufactured Home Communities
Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005); see
28 U.S.C. § 1738.  "Claim preclusion arises if a second suit
involves: (1) the same cause of action (2) between the same
parties [or parties in privity with them] (3) after a final
judgment on the merits in the first suit."  DKN Holdings LLC v.
Faerber, 61 Cal. 4th 813, 824, reh'g denied (2015).  In
California, claim preclusion is based upon the "primary right
theory," which holds that "the violation of a single primary right

---

[2] In their Opposition to BANA's Motion, Plaintiffs assert
that they did so.  The Court considers only the allegations in the
Complaint.

gives rise to but a single cause of action." <u>Crowley v. Katleman</u>, 8 Cal. 4th 666, 681 (1994). "A single cause of action is based on the harm suffered, rather than the particular legal theory asserted or relief sought by the plaintiff." <u>Gamble v. Gen. Foods Corp.</u>, 229 Cal. App. 3d 893, 899, <u>reh'g denied and opinion modified</u> (1991). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 904 (2002) (citation omitted). Thus, a plaintiff cannot assert any claim for relief deriving from that injury that was raised or could have been raised in a prior action. <u>Id.</u> at 908; <u>Busick v. Workmen's Comp. Appeals Bd.</u>, 7 Cal. 3d 967, 975 (1972).

As noted, the Second Lawsuit included claims under the HBOR and for unfair competition. The HBOR claim derived from Plaintiffs' right to be free from unlawful foreclosure. <u>See Gillies v. JPMorgan Chase Bank, N.A.</u>, 7 Cal. App. 5th 907, 914 (2017). Plaintiffs premised the unfair competition claim on alleged misconduct concerning their attempts to obtain a loan modification, asserting violations of California Civil Code sections 2923.6 and 2924.12. They alleged that as a result of the alleged violations they faced the unlawful sale of their home. Accordingly, this claim also derived from their right to be free from unlawful foreclosure. <u>See Daniels v. Select Portfolio Servicing, Inc.</u>, 246 Cal. App. 4th 1150, 1187, <u>review denied</u> (2016).

United States District Court
For the Northern District of California

In the instant lawsuit, Plaintiffs' second and third claims seek to vindicate the same primary right as their Second Lawsuit.[3] Plaintiffs' second claim is for violation of sections of the HBOR relating to proper recording of foreclosure-related documents, Cal. Civ. Code § 2924.17(a), and mortgage servicers' duties to ensure that they have "reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose," id. § 2924.17(b).  Plaintiffs allege that LSF9 is not the beneficiary of the DOT and attempted to foreclose despite being "merely a participation agent to the securitization of Plaintiffs' loan."  Docket No. 1, Compl. ¶ 46.  Plaintiffs argue that BANA violated section 2924.17 when it recorded an assignment of the DOT on November 6, 2014 stating that LSF9 was the beneficiary of the Nobles' DOT, and that Caliber did so when it subsequently recorded notices of default and trustee's sale.  This claim derives from the same primary right at issue in the Second Lawsuit.  See Gillies, 7 Cal. App. 5th at 914.

Plaintiffs' third claim is for wrongful foreclosure. California law requires that, in order to bring a valid claim for tortious wrongful foreclosure, the plaintiff must allege that

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or

---

[3] Caliber and BANA argue that Plaintiffs' RESPA claim also seeks to vindicate the same primary right.  Case law indicates the contrary.  See Ivanoff v. Bank of Am., N.A., 9 Cal. App. 5th 719, 729 (2017) (holding that Truth in Lending Act claim vindicated federal statutory right to full disclosure of material terms of home loan refinancing and loan modification, which was distinct from common law contract rights).

mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (collecting cases); see also In re Mortg. Elec. Registration Sys., Inc. (In re MERS), 754 F.3d 772, 784 (9th Cir. 2014). Plaintiffs again allege that no Defendant is a "true" beneficiary of the DOT and LSF9 is "merely a participation agent to the securitization" of their loan. Docket No. 1, Compl. ¶ 52. They argue that therefore none of LSF9, Caliber and Clear Recon "had authority and standing to execute and record notices of default and notices of trustee's sale, or to otherwise foreclose." Id. ¶ 53. This claim also derives from the same primary right at issue in the Second Lawsuit. See Gillies, 7 Cal. App. 5th at 914.

Furthermore, the events underlying Plaintiffs' claims all took place well before they filed the Second Lawsuit on August 24, 2015, except for the notice of trustee's sale they allege they received on or around February 10, 2017. Plaintiffs do not show that they could not have brought the second and third claims in the instant complaint in the Second Lawsuit.

The parties in the instant case are the same as those in the Second Lawsuit or in privity with them. As noted, the defendants in the Second Lawsuit were Caliber, U.S. Bank as trustee for LSF9, and Clear Recon. Moving Defendants are Caliber and BANA. "As applied to questions of preclusion, privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have

United States District Court
For the Northern District of California

9

expected to be bound' by the first suit." DKN Holdings, 61 Cal. 4th at 826.  BANA asserts that it is in privity with the defendants in the Second Lawsuit because it "was the servicer and investor of the same Loan before Caliber and U.S. Bank."  Docket No. 27, BANA Mot. to Dismiss 6.  Plaintiffs do not challenge BANA's privity with the defendants in the Second Lawsuit.

Dismissal of the Second Lawsuit with prejudice was "the equivalent of a final judgment on the merits, barring the entire cause of action."  Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 793 (2010).

Accordingly, Plaintiffs' second and third claims are barred by claim preclusion and must be dismissed.

b. Additional Flaws

Plaintiffs' second and third claims suffer from two additional defects.  First, California courts "clearly impose some kind of bar on pre-foreclosure challenges to the foreclosing entity's alleged lack of authority, and do so because of those challenges' 'preemptive' effect on California's nonjudicial foreclosure scheme."  Lundy v. Selene Fin., LP, No. 15-CV-05676-JST, 2016 WL 1059423, at *13 (N.D. Cal. Mar. 17, 2016). Plaintiffs allege that Defendants have not foreclosed.  Second, in order to bring a wrongful foreclosure claim a borrower must have tendered the amount owed or be excused from doing so.  In re MERS, 754 F.3d at 785.  Plaintiffs do not so allege.

CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' lawsuit must be dismissed.  Dismissal is with leave to amend within twenty-one days of the date of this Order.  Any amended

United States District Court
For the Northern District of California

complaint must remedy the defects explained in this Order, may not assert new claims and may not contradict any of the allegations of the original complaint.

IT IS SO ORDERED.

Dated: July 26, 2017

_____
CLAUDIA WILKEN
United States District Judge