Clarisse Chung (SB#260894)
Crossroads Legal Group
800 W. El Camino Real Ste 180
Mountain View, CA 94040
(650) 332-4905
clarisse@crossroadslegalgroup.com
Attorneys for Plaintiff

Michael Yesk (SB#130056)
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
(925) 849-5525
yesklaw@gmail.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. NOBLE AND PATRICIA L. NOBLE,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; LSF9 MORTGAGE HOLDINGS, LLC; CLEAR RECON CORP.; BANK OF AMERICA, N.A.; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No: 4:17-cv-01053<br><br>**FIRST AMENDED COMPLAINT:**<br><br>1) **Violations of the Real Estate Settlement Procedures Act (12 U.S.C. 2605);**<br>2) **Violations of California Civil Code Section 2924.17; and**<br>3) **Wrongful Foreclosure.**<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiffs GEORGE B. NOBLE AND PATRICIA L. NOBLE, complaining against the Defendants, and each of them, as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff GEORGE B. NOBLE AND PATRICIA L. NOBLE ("Plaintiffs") against Defendants, and DOES 1-10, INCLUSIVE, for violations of the

FIRST AMENDED COMPLAINT - 1

Real Estate Settlement Procedures Act ("RESPA"); California Civil Code Sections 2924.17; and wrongful foreclosure. Plaintiffs seek damages along with declaratory and injunctive relief.

2. Plaintiffs allege that Defendants violated multiple RESPA provisions, causing Plaintiffs to incur actual damages and emotional distress.

3. Plaintiffs also allege on information and belief that Defendants are attempting to wrongfully foreclose on their home despite lacking standing to do so.

4. Plaintiff further alleges that Defendants violated provisions of the California Homeowner Bill of Rights ("HBOR").

5. Plaintiff alleges that an actual controversy has arisen and now exists between Plaintiff and Defendants.

## PARTIES

6. At all relevant times, Plaintiffs GEORGE B. NOBLE AND PATRICIA L. NOBLE owned the Subject Property, located at 56 Hennessey Ridge Road, St. Helena, California 94574.

7. Plaintiffs allege on information and belief that Defendant CALIBER HOME LOANS, INC., ("Defendant" or "Caliber") is a corporation organized under the laws of Delaware and authorized to do business in California.

8. Plaintiffs allege on information and belief that Defendant BANK OF AMERICA, N.A. ("BANA" or "Defendant") is a national bank organized under the laws of the United States and doing business in California.

9. Plaintiffs allege on information and belief that Defendant U.S. BANK TRUST, N.A. ("U.S. Bank Trust" or "Defendant") is a subsidiary of U.S. Bank, N.A., a national bank organized under the laws of the United States and doing business in California.

10. Plaintiffs allege on information and belief that Defendant LSF9 Mortgage Holdings, LLC ("LSF9 Holdings" or "Defendant") is a limited liability company organized under the laws of Texas.

11. Plaintiffs allege on information and belief that Defendant Clear Recon Corp. ("Clear Recon" or "Defendant") is a corporation organized under the laws of California.

12. The true names and capacities of Defendants sued herein as DOES 1-10, INCLUSIVE, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiffs will amend this Complaint to state the true names and capacities of these Defendants once they have been ascertained.

## VENUE AND JURISDICTION

13. This action is of a civil nature. Plaintiffs alleges on information and belief that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

14. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because the Subject Property is located in Napa County, California.

## STATEMENT OF FACTS

15. On or around 2007, Plaintiffs took out a loan with the now-defunct Countrywide Home Loans, Inc. ("Countrywide"). Plaintiffs executed a Promissory Note ("Note") and a Deed of Trust ("DOT") to secure the loan.

16. On or around November 22, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") recorded a Corporation Assignment of Deed of Trust, assigning all beneficial interest in Plaintiffs' DOT together with the note to Defendant Bank of America, N.A. ("BANA" or "Defendant").

17. On or around April 4, 2014, Defendant BANA purported to substitute Clear Recon Corp. in as trustee of Plaintiffs' DOT in place of Recontrust Company, N.A.

18. On or around this time, Plaintiffs began exploring the possibility of obtaining a loan modification with Defendant BANA. To this end, they submitted a complete loan modification application. Plaintiffs also repeatedly and promptly responded to BANA's additional requests for information and documentation in support of Plaintiffs' application.

19. On or around November 2014, BANA representatives informed Plaintiffs that the

FIRST AMENDED COMPLAINT - 3

servicing of their loan would be transferred to a third party, but also assured Plaintiffs that the new servicer would continue to process the complete loan modification application Plaintiffs already submitted to BANA.

20. On or around November 6, 2014, Michael D. Fitts as a purported "Assistant Vice President" of BANA executed an Assignment of Deed of Trust in which BANA purported to assign all beneficial interest in Plaintiffs' DOT to LSF9 Mortgage Holdings, LLC. Though "Bank of America, N.A." was printed on the signature line of the Assignment of Deed of Trust, "Michael D. Fitts" and "Assistant Vice President" were handwritten on the document.

21. On November 7, 2014, Plaintiffs sent BANA a qualified written request ("QWR") for information under 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36. Plaintiffs' QWR reasonably identified Plaintiffs' names as the borrowers on the account and also identified Plaintiffs' loan account. Among other things, Plaintiffs sought information relating to the identity of the owner of their mortgage; the transfer history of their loan; and their servicing file.

22. BANA's response to Plaintiffs' request for information ("RFI") contained numerous deficiencies, including but not limited to the following:

- BANA failed to supply Plaintiffs with the name, address and telephone number of the trustee overseeing the issuing entity;
- BANA failed to supply Plaintiffs with the name, address, telephone number, and position of an officer under the trustee's employ;
- BANA did not provide Plaintiffs with a loan identification number that was assigned to their loan and through which the trustee would recognize Plaintiffs' loan account;

23. BANA also refused to supply information relating to the transfer history of Plaintiffs' loan by failing to respond to Plaintiffs' request for the MERS MIN Summary and a MERS Milestones Report. This is despite the fact that Plaintiffs informed BANA in its RFI that Plaintiffs were unable to find their loan on the MERS system using the MIN number listed on

their Deed of Trust.[1]

24. BANA's response to Plaintiffs' request for information regarding their servicing file was also incomplete. Among other things, BANA refused to send a servicing file that reflected the most recent data and sent outdated servicing notes that did not even reflect the fact that Plaintiffs had engaged BANA for loss mitigation review. Some information and documents provided only covered activity on Plaintiffs' account up to January 1, 2014.

25. On November 20, 2014, Plaintiffs – who had been informed that Defendant Caliber Home Loans, Inc. ("Caliber" or "Defendant") was the new servicer of their loan – sent Caliber a request for information under 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36. Plaintiffs' QWR reasonably identified Plaintiffs' names as the borrowers on the account and also identified Plaintiffs' loan account. Among other things, Plaintiffs sought information relating to the identity of the owner of their mortgage; the transfer history of their loan; and their servicing file.

26. Caliber's response was due on December 8, 2014 but was not mailed by Caliber until December 31, 2014. Caliber's response to Plaintiffs' RFI also contained numerous deficiencies, including but not limited to the following:

- Caliber failed to supply Plaintiffs with the name, address, telephone number, and position of an officer under the trustee's employ;
- Caliber did not provide Plaintiffs with a loan identification number that was assigned to their loan and through which the trustee would recognize Plaintiffs' loan account;

27. Caliber also refused to supply information relating to the transfer history of Plaintiffs' loan by failing to respond to Plaintiffs' request for the MERS MIN Summary and a MERS Milestones Report. Though Caliber stated in its letter that it would contact Plaintiffs' prior servicer and send supplemental information once it had been obtained from the prior

---

[1] Though Plaintiffs were able to find what appeared to be their Deed of Trust on the MERS system by performing a searching using George Noble's social security number and property zip code, the record number associated with that MIN was *not* the MIN listed on Plaintiffs' Deed of Trust.

FIRST AMENDED COMPLAINT - 5

servicer, Plaintiffs received no further communication from Caliber regarding this request.

28. Caliber's response to Plaintiffs' request for information regarding their servicing file was also incomplete. Among other things, Caliber refused to send a servicing file that reflected the most recent data and refused to provide some of the information Plaintiffs requested related to the Transaction History on their loan.

29. Caliber also refused to send Plaintiffs any of the notes created by its servicing personnel that reflected communications with Plaintiffs about their loan, claiming that "[t]he information sought…was proprietary information and [would] not be provided."

30. In response to Plaintiffs' request for information regarding the owner of their mortgage, Caliber claimed that the investor of Plaintiffs' loan was U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust.

31. Plaintiffs allege on information and belief that the LSF9 Master Participation Trust was merely a participation agent to the securitization of Plaintiffs' loan. As such and based on an investigation Plaintiffs had conducted on the ownership of their loan, Plaintiffs further allege that the LSF9 Master Participation Trust is not the beneficiary of Plaintiffs' deed of trust because it does not own the entirety of Plaintiffs' loan but rather only a forward interest in its servicing rights.

32. Plaintiffs allege on information and belief that the LSF9 Master Participation Trust therefore lacks the authority and standing to initiate foreclosure proceedings on Plaintiffs' home.

33. Notwithstanding this fact, the LSF9 Master Participation Trust has been attempting to foreclose on the Subject Property.

34. On or around, February 10, 2017, Plaintiffs received a notice of trustee's sale, noticing a sale date of March 15, 2017.

## FIRST CAUSE OF ACTION: VIOLATION OF 12 U.S.C. § 2605 ("RESPA")

### (Against Defendants Caliber and BANA)

35. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth hereafter.

36. Plaintiffs submitted a qualified written request ("QWR") to Defendants Caliber and BANA under 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36. Plaintiffs' QWRs reasonably identified Plaintiffs' names as the borrowers on the account and also identified Plaintiffs' loan account.

37. 12 U.S.C. 2605(e) required Defendants to provide Plaintiffs with a written response that "includes information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." Similarly, 12 C.F.R. 1024.36 required Defendants to provide Plaintiffs with either the information requested by Plaintiffs; or a written notification that the information requested was unavailable to the servicer along with the basis for that determination and contact information for further assistance.

38. Defendant BANA violated 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36 by failing to provide numerous pieces of information requested by Plaintiffs in their November 7, 2014 RFI. Among other things, BANA's response failed to supply Plaintiffs with the name, address and telephone number of the trustee overseeing the issuing entity; failed to supply Plaintiffs with the name, address, telephone number, and position of an officer under the trustee's employ; did not provide Plaintiffs with a loan identification number that was assigned to their loan and through which the trustee would recognize Plaintiffs' loan account; refused to supply information relating to the transfer history of Plaintiffs' loan by failing to respond to Plaintiffs' request for the MERS MIN Summary and a MERS Milestones Report (despite the fact that Plaintiffs informed BANA in its RFI that Plaintiffs were unable to find their loan on the MERS system using the MIN number listed on their Deed of Trust); refused to send a servicing file that reflected the most

recent data; and sent outdated servicing notes that did not even reflect the fact that Plaintiffs had engaged BANA for loss mitigation review.

39. Defendant Caliber violated 12 U.S.C. 2605(e) and 12 C.F.R. 1024.36 by failing to provide numerous pieces of information requested by Plaintiffs in their November 20, 2014 RFI. Among other things, Caliber's response failed to Plaintiffs with the name, address, telephone number, and position of an officer under the trustee's employ; did not provide Plaintiffs with a loan identification number that was assigned to their loan and through which the trustee would recognize Plaintiffs' loan account; refused to supply information relating to the transfer history of Plaintiffs' loan by failing to respond to Plaintiffs' request for the MERS MIN Summary and a MERS Milestones Report[2]; refused to send a servicing file that reflected the most recent data; refused to provide some of the information Plaintiffs requested related to the Transaction History on their loan; and refused to send Plaintiffs any of the notes created by its servicing personnel that reflected communications with Plaintiffs about their loan, claiming that "[t]he information sought…was proprietary information and [would] not be provided."

40. Caliber further violated 12 U.S.C. 2605(e) by responding to Plaintiffs' QWR nearly a month after their response was due.

41. Defendants' deficient responses to Plaintiffs' QWRs and their failure to provide numerous items of requested information relating to the servicing and chain of ownership on Plaintiffs' note violated 12 U.S.C. 2605(e) of the Real Estate Settlement and Procedures Act ("RESPA") and 12 C.F.R. 1024.36.

42. Defendants' conduct caused Plaintiffs actual damages as they continued to fight against foreclosure by an entity that raised, for Plaintiffs, serious questions about the entity's right to foreclose. Plaintiffs also suffered emotional distress as Defendants continued to leave

---

[2] Though Caliber stated in its response that it would contact Plaintiffs' prior servicer regarding Plaintiffs' request for the MERS MIN summary and send supplemental information once it had obtained such information from the prior servicer, Plaintiffs received no further communication from Caliber regarding this request

Plaintiffs hanging, failing to clarify and solidify the standing of Defendants to foreclose through an adequate response to Plaintiffs' QWR.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, set forth below:

## SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA CIVIL CODE § 2924.17

**(Against All Defendants)**

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth hereafter.

44. California Civil Code Section 2924.17 ("Section 2924.17") requires a "notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure… [to be] *accurate and complete* and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). Subsection (b) of Section 2924.17 further requires a mortgage servicer to "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default *and the right to foreclose*." *See Id.* (emphasis added)

45. Plaintiff alleges on information and belief that beginning on or around 2014, the LSF9 Master Participation Trust has been attempting to foreclose on Plaintiffs' home. These foreclosure attempts have been presumably based on an Assignment of Deed of Trust Defendant BANA purportedly executed and recorded on November 6, 2014, in which an alleged "Assistant Vice President" of BANA (Michael D. Fitts) purported to assign all beneficial interest in Plaintiffs' Deed of Trust to LSF9 Mortgage Holdings, LLC.

46. Later, in response to the QWR Plaintiffs sent to Defendant Caliber on November 20, 2014, Caliber represented to Plaintiffs that the investor of Plaintiffs' loan was Defendant U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust.

47. Plaintiffs allege on information and belief that the LSF9 Master Participation Trust was merely a participation agent to the securitization of Plaintiffs' loan. As such and based

on an investigation Plaintiffs had conducted on the ownership of their loan, Plaintiffs further allege that the LSF9 Master Participation Trust is not the beneficiary of Plaintiffs' deed of trust because it does not own the entirety of Plaintiffs' loan but rather only a forward interest in its servicing rights.

48. Plaintiffs also allege on information and belief that Michael D. Fitts (whose name and title was handwritten into the Assignment of Deed of Trust) was not, in fact, an "Assistant Vice President" of BANA but rather a Foreclosure Specialist as listed on his online LinkedIn profile page.

49. As such, Defendant BANA violated Section 2924.17 when it recorded the November 6, 2014 Assignment of Deed of Trust, stating that the LSF9 Mortgage Holdings, LLC, was the new holder of beneficial interest in Plaintiffs' deed of trust when, in fact, the LSF9 Master Participation Trust only owned a forward interest in its servicing rights on Plaintiffs' mortgage – both because the LSF9 was not in fact the true beneficiary of the deed of trust and because the individual who executed the assignment of deed of trust in favor of the trust's favor was a robo-signer and not an actual assistant vice president of BANA.

50. The remaining defendants each violated Section 2924.17 when they subsequently recorded notices of default and notices of trustee's sale without reviewing competent and reliable evidence to substantiate the borrower's default *and the right to foreclose.*

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, set forth below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For a declaration of the rights of the parties with respect to the Subject Property;

2. For a temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendants and their agents, servants, and employees, and all persons

| | |
|---|---|
| 1 | acting under, in concert with, or for Defendants, from asserting any interest in the Subject |
| 2 | Property or otherwise attempting in any manner to dispossess Plaintiffs of the Subject Property; |
| 3 |     3.    For damages according to proof at trial; |
| 4 |     4.    For costs of suit and attorneys' fees herein incurred; and |
| 5 |     5.    For such other relief as the Court may deem just and proper. |

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every claim so triable.

DATED: August 15, 2017        /s/ Clarisse Chung
                                        Clarisse Chung
                                        Crossroads Legal Group
                                        Michael Yesk
                                        Yesk Law
                                        Attorneys for Plaintiff