United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. NOBLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-01053-CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT<br><br>(Dkt. Nos. 51 and 53) |

Before the Court are motions by Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., as a trustee for LSF9 Master Participation Trust and Defendant Bank of America, N.A. (BANA) to dismiss the first amended complaint. Plaintiffs have filed oppositions and Defendants have filed replies. Having considered the papers submitted by the parties, the Court GRANTS both motions and dismisses the first amended complaint with prejudice.

BACKGROUND

The Court provided the relevant factual background, including the allegations in the complaint and facts that are subject to judicial notice, in its order granting Defendants' first motions to dismiss. See Docket No. 49. Accordingly, the Court provides only the factual background necessary to the resolution of the present motions.

Plaintiffs' original complaint alleged the following claims: (1) violations of the federal Real Estate Settlement Procedures Act (RESPA), (2) violations of the California Homeowner Bill of

Rights (HBOR), and (3) wrongful foreclosure. Docket No. 1. Defendants brought motions to dismiss the complaint. The Court granted those motions. Docket No. 49 (Order on Motions to Dismiss). The Court dismissed Plaintiffs' RESPA claim because their allegations were insufficient. Id. at 4-6. The Court dismissed Plaintiffs' HBOR and wrongful foreclosure claims because they are barred by claim preclusion. Id. at 6-10. The Court granted Plaintiffs leave to amend, with the requirement that the amended complaint "must remedy the defects explained in [the] Order, may not assert new claims and may not contradict any of the allegations of the original complaint." Order on Motions to Dismiss at 11.

On August 16, 2017, Plaintiffs filed their first amended complaint (FAC), again alleging their claims for violation of RESPA and HBOR, but omitting their claim for wrongful foreclosure. Docket No. 45. Otherwise, the original complaint and the FAC are nearly identical in substance; the only substantive difference between the two is that the FAC adds the following sentence to paragraphs 21, 25, and 36: "Plaintiffs' QWR reasonably identified Plaintiffs' names as the borrowers on the account and also identified Plaintiffs' loan account." Id. In response, Defendants brought the present motions to dismiss the first amended complaint.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable

2

claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

The district court has discretion to grant or deny leave to amend. While leave to amend should ordinarily be freely given, it may be denied for an apparent reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

DISCUSSION

I. RESPA

In dismissing Plaintiffs' RESPA claim, the Court identified a number of deficiencies with Plaintiffs' allegations:

> First, they do not allege that their written requests reasonably identified their names and account. Second, Plaintiffs' damages allegation is conclusory. Furthermore, as discussed below, California does not provide a cause of action to challenge the foreclosing entity's authority to do so prior to the foreclosure sale. Accordingly, Plaintiffs' RESPA claim must be dismissed.

Order on Motions to Dismiss at 6. The Court ordered Plaintiffs

3

to "remedy the defects explained in" the Order on Motions to Dismiss in any amended complaint. Id. at 11.

In their FAC, Plaintiffs alleged only one new fact: "Plaintiffs' QWR reasonably identified Plaintiffs' names as the borrowers on the account and also identified Plaintiffs' loan account." FAC ¶¶ 21, 25, 36. This allegation attempts to address the first deficiency identified by the Court's Order, but ignores the second and third entirely. With respect to the second deficiency, Plaintiffs plead no new facts to cure their original conclusory damages allegations. The damages allegations in the FAC are identical to the damages allegations in the original complaint. Compare Original Complaint ¶ 41 and FAC ¶ 41; see also Order at 5-6. The FAC also does not address the third deficiency identified in the Court's Order on Motions to Dismiss, that California does not provide a cause of action to challenge the foreclosing entity's authority to do so prior to the foreclosure sale. Accordingly, the RESPA claim must be dismissed.

## II. HBOR

The Court dismissed Plaintiffs' HBOR claim because it is barred by claim preclusion. Order on Motions to Dismiss at 10. Again, Plaintiffs have not alleged any new facts that would alter the Court's ruling on claim preclusion. Accordingly, the Court's analysis on claim preclusion still stands, barring Plaintiffs' HBOR claim.

## III. Leave to Amend

Because Plaintiffs did not even attempt to cure certain deficiencies identified in the Court's Order on Motions to

Dismiss,[1] the Court concludes that further amendment would be futile. Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment."); Foman, 371 U.S. at 182. Plaintiffs have had multiple opportunities in this Court and in the Napa County Superior Court to cure deficiencies in their claims against Defendants, yet they have repeatedly failed to do so.

CONCLUSION

The Court GRANTS Defendants' motions to dismiss (Docket Nos. 51 and 53) and dismisses the FAC with prejudice. The clerk shall enter judgment and close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: October 13, 2017

CLAUDIA WILKEN
United States District Judge

---

[1] In opposition to the present motions, Plaintiffs do not offer any explanation for why they failed to attempt to cure the deficiencies identified in the Court's Order on Motions to Dismiss. Instead, Plaintiffs argue that their allegations are sufficient to state a claim, repeating many of the arguments they made in response to Defendants' first motions to dismiss. Plaintiffs' argument constitutes an improper motion for reconsideration, which is not permitted absent Court permission. Civ. L.R. 7-9. Even considering the substance of Plaintiffs' arguments, the Court finds that they lack merit.

5